IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TYLER SCOTT KINARD, #242880                                      PLAINTIFF

v.                                      CIVIL ACTION NO. 3:23-cv-362-HTW-LGI

BILLIE SOLLIE                                                     DEFENDANT

<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

This matter is before the Court *sua sponte*.   After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I.   <u>BACKGROUND</u>

*Pro se* Plaintiff Tyler Scott Kinard ("Plaintiff"), an inmate of the Central Mississippi Correctional Facility, in Pearl, Mississippi, brings this Complaint pursuant to 42 U.S.C. § 1983.   Plaintiff did not pay the filing fee or file a motion for leave to proceed *in forma pauperis* ("IFP").

On June 7, 2023, the Magistrate Judge entered an Order [4] directing Plaintiff, on or before July 7, 2023, to pay the required filing fee or file a completed IFP application.   Order [4] at 1.   The Order provided a blank IFP application including a "Certificate to Be Completed by Authorized Officer" of prison accounts to serve as the institutional equivalent of a trust fund account statement.   *Id*. at 3-5.   The Order [4] warned Plaintiff that failure to timely comply with the requirements of the Order or failure to advise this Court of a change of address may result in the dismissal of the Complaint.   *Id*. at 1-2.   Plaintiff failed to respond.

On July 21, 2023, the Magistrate Judge entered an Order to Show Cause [5] which directed that, on or before August 4, Plaintiff: (1) file a written response, showing cause why this

case should not be dismissed for his failure to fully comply with the Court's previous Order [4]; and (2) comply with the Court's previous Order [4] by paying the required fees or by filing a completed IFP application.   Order [5] at 1.   The Order to Show Cause warned Plaintiff that **"his failure to advise this Court of a change of address or his failure to fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff."**   *Id*. at 2 (emphasis in original).   Plaintiff failed to respond.

Since Plaintiff is proceeding *pro se*, the Court provided him with one final opportunity to comply with the Court's Orders.   On August 18, 2023, the Magistrate Judge entered a Final Order to Show Cause [6] which directed that, on or before September 1, Plaintiff shall file a written response, showing cause why this case should not be dismissed for his failure to comply with two court orders; and (2) comply with the Court's previous Orders by paying the required fees or by filing a completed IFP application.   Order [6] at 1-2.   The Final Order to Show Cause also warned Plaintiff that **"his failure to fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff."**   *Id*. at 2 (emphasis in original).   Plaintiff failed to respond.   Nor has Plaintiff filed a completed IFP application or paid the filing fee.

Plaintiff failed to comply with three court orders.   The Court warned Plaintiff—on four occasions—that failure to comply with the Court's orders would lead to the dismissal of this case.   *See* Final Order to Show Cause [6] at 2; Order to Show Cause [5] at 2; Order [4] at 1-2; Not. of Assign. [2-2] at 1.

II.   DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua

sponte.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").   The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630-31.   Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.

Plaintiff did not comply with three Court Orders after being warned that failing to do so would result in the dismissal of his lawsuit.   Plaintiff has not contacted the Court or taken any action in the case since he filed it on June 6, 2023.   Such inaction represents a clear record of delay.

The Court has employed lesser sanctions than dismissal in the form of numerous warnings that Plaintiff's failure to comply could result in the dismissal of this case.   The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile."  *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).   It is apparent that Plaintiff no longer wishes to pursue this lawsuit.   Dismissal without prejudice is warranted.

III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.

**SO ORDERED AND ADJUDGED**, this the 26th day of September, 2023.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

3